1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK E. GRONQUIST,

                                    Plaintiff,

        v.

FAYE NICHOLAS, HEATHER ANNIS,
CC3 PAUL PEMBERTON, STEVE
BLAKEMAN, KAREN BRUNSON,
HAROLD CLARKE, STATE RAMSEY,
RICHARD MORGAN, STEVE TOOHEY,
JOHN DOES I, II AND III CLALLAM BAY
CORRECTIONS CENTER OFFICERS,
DEPARTMENT OF CORRECTIONS, and
STATE OF WASHINGTON,

                                    Defendants.

No. C10-5374 RBL/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO REMAND

        Before the court is Plaintiff's motion to remand.  Dkt. 9.  Defendants oppose the motion.

Dkt. 11.  Plaintiff filed a reply.  Dkt. 12.  Having reviewed the parties' filings and the record, the

court finds that the motion to remand should be denied.

PROCEDURAL BACKGROUND

        On or about May 10, 2010, Plaintiff filed a civil complaint against Defendants in the

Superior Court of Thurston County.  Dkt. 1-1.  Plaintiff claims a violation of the Eighth

Amendment and asserts a federal constitutional violation pursuant to Section 42 U.S.C. § 1981.

Plaintiff also alleges a state claim for negligence.  Both of these claims arise from the assault of

ORDER - 1

Plaintiff by another inmate while Plaintiff was housed at the Clallam Bay Corrections Center (CBCC).

On May 26, 2010, the State of Washington and Department of Corrections (DOC) filed a notice of removal based on the court's original jurisdiction of questions of federal substantive law.  At the time of removal only the State of Washington and DOC had been served with the summons and complaint.  On June 2, 2010, all the named defendants joined in filing an Answer to Plaintiff's Complaint.  Dkt. 8.   The defendants are all represented by the same counsel.

Plaintiff argues that remand is required because the defendants against whom the Eighth Amendment claim has been asserted were not served prior to removal and did not join in the removal.  Dkt. 12, p. 2.

### DISCUSSION

Federal law has long provided that if a suit presents a federal question, the suit is removable to federal court upon petition by the defendant.  28 U.S.C. § 1441(a) states, in pertinent part:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of such parties….

28 U.S.C. § 1441.  Section 1331 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  Whether removal is appropriate is determined

ORDER - 2

at the time of the petition for removal.  *Libhart v. Santa Monica Dairy Co.*, 582 F.2d 1062, 1065 (9th Cir. 1979).

Thus, defendants may automatically remove a case from state court to federal district court if the plaintiff could have filed the case in federal court originally.  28 U.S.C. § 1441.  A case is removable if it presents a "federal question".  "Federal question" cases are those cases "arising under the Constitution, laws, or treaties of the United States."  *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).  Because federal courts generally possess original jurisdiction over civil actions arising under the U.S. Constitution or federal laws, defendants can automatically remove cases that raise ADA, Title VII or 42 U.S.C. §1983 claims, for example, from state court to federal court.  Defendants typically can remove cases that present at least one federal claim.  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).  Accordingly, cases that mix state and federal claims are removable.  *Id*. at 164; 28 U.S.C. § 1441(c).  *See also* 28 U.S.C. § 1367(a) (supplemental jurisdiction; also sometimes referred to as pendent or ancillary jurisdiction).

In this case, removal was appropriate because, at the time he filed his complaint, Mr. Gronquist set forth his "federal constitutional claims" pursuant to 42 U.S.C. § 1983.  Dkt. 1-2, p. 4.  This court has original jurisdiction over his federal claims.  Mr. Gronquist chose to plead a violation of his Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.  "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."  *Arco Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).

Mr. Gronquist argues that because the defendants against whom the federal claim was asserted had not been served with process prior to the removal and did not join in the removal,

ORDER - 3

the court must disregard the federal constitutional claims against them, leaving only the state claims.  Dkt. 12, p. 2.

Generally speaking, all defendants must join in the removal notice.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).  Defendants who have not been served at the time the petition for removal is filed need not join in removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 14298 (9th Cir. 1984), *superseded in part by statute as stated in Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988).  Defendants over whom the court has not acquired jurisdiction through service of process may be disregarded in removal proceedings.  *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678 (9th Cir. 1925), *cert. denied*, 270 U.S. 652 (1926).   The failure of a defendant to join in a removal petition or consent to such action within the thirty day time limitations is a waivable, non-jurisdictional defect.  *Id.* at 608 (*citing Robertson v. Ball,* 534 F.2d 63 (5th Cir. 1976)).

Thus, it is clearly established that the defendants who had not yet been served at the time the petition for removal was filed need not join in the removal and may be disregarded in the removal proceedings.  In addition, although it is not clear from the record whether service has now been perfected on those defendants who had not been served at the time of removal, all of the named Defendants are represented by the same counsel who removed the case in the first instance on behalf of the served defendants.  Within thirty days after the notice of removal, all of the named defendants, both served and unserved, joined in filing an Answer to Plaintiff's Complaint.  Thus, the court concludes that all defendants have unambiguously consented to the removal action and this court's jurisdiction.

Accordingly, it is **ORDERED**:

(1)      Plaintiff's motion for remand (Dkt. 9) is **DENIED.**

ORDER - 4

1    (2)    The Clerk shall send a copy of this Order to the Plaintiff and to counsel for

2  Defendants.

3    DATED this <u>29th</u> day of July, 2010.

4

5    Karen L. Strombom

6    United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 5