UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEREK E. GRONQUIST,<br><br>                              Plaintiff,<br>     v.<br><br>FAYE NICHOLAS, HEATHER ANNIS, CC3 PAUL PEMBERTON, STEVE BLAKEMAN, KAREN BRUNSON, HAROLD CLARKE, STATE RAMSEY, RICHARD MORGAN, STEVE TOOHEY, JOHN DOES I, II AND III CLALLAM BAY CORRECTIONS CENTER OFFICERS, DEPARTMENT OF CORRECTIONS, and STATE OF WASHINGTON,<br><br>                              Defendants. | No. C10-5374 RBL/KLS<br><br>ORDER GRANTING RULE 56(F) MOTION AND DENYING MOTIONS FOR EXTENSION AS MOOT |

Before the court are Plaintiff's motions to extend the discovery deadline (ECF No. 22), to extend his deadline for responding to Defendants' pending summary judgment motion (ECF No. 27); and to stay the summary judgment motion pursuant to Rule 56(f) (ECF No. 28 (Motion) and ECF No. 29 (Declaration)).  Defendants oppose the motions.  ECF Nos. 25 and 31.  Also before the court is Defendants' motion to re-note their summary judgment motion until March 25, 2011

ORDER- 1

(ECF No. 33) and Plaintiff's Supplement Declaration in support of his motion to stay.  ECF No. 35.

Having carefully reviewed the motions, opposition, and balance of the record, the court finds that Plaintiff's Rule 56(f) motion has merit and that a continuance of Defendants' summary judgment motion pending additional discovery is warranted.  In light of this finding, Plaintiff's remaining motions are moot.

## DISCUSSION

Plaintiff filed his lawsuit in Thurston County Superior Court, alleging that Defendants violated his Eighth Amendment rights by failing to prevent an assault on him by his fellow inmate.  ECF No. 1.  Defendants removed the case to this court on May 25, 2010.  *Id.*  On June 4, 2010, Plaintiff filed a motion to remand.  ECF No. 9.  That motion was denied.  ECF No. 13.  On August 2, 2010, the court issued a Pretrial Scheduling Order setting the discovery deadline for January 28, 2011. ECF No. 14.  Defendants filed their motion for summary judgment on December 23, 2010.  ECF No. 18.  The summary judgment motion was noted for January 21, 2010.  *Id.*

Plaintiff has engaged in very limited discovery.  According to Defendants, Plaintiff served his First Interrogatories on them in June 2010 and they submitted their answers in July 2010.  ECF No. 26, Exh. E.  Plaintiff has written defendants' counsel on three separate occasions complaining that Defendants' answers were unresponsive.  *Id.*, Exh. F.  In response, counsel for Defendants has written to Plaintiff on three separate occasions asking him to identify which answers he considered to be unresponsive.  *Id.*, Exh. G.  Plaintiff has failed to identify the offending answers.

ORDER- 2

Plaintiff served his Second Interrogatories and Requests for Production upon the defendants on November 24, 2010. *Id.*, Exh. H. Defendants answered those discovery requests on January 6, 2011. *Id.*, Exh. I. Plaintiff did not contact Defendants' counsel with regard to Defendants' answers to his latest discovery requests. Instead, on January 5, 2011, Plaintiff filed the motion requesting a 120 extension of the discovery deadline. ECF No. 22. In the motion to re-note their summary judgment motion, Defendants advise that the parties have now conferred and Defendants' counsel has agreed to provide Plaintiff with supplemental answers to some of the discovery requests.

Plaintiff bases his requests for continuance and extension of the discovery deadline, in part, on the restrictive nature of his confinement, limited access to the law library and photocopies, the complexity of the issues he is required to brief, and Defendants refusal to respond to his discovery requests. As noted above, however, the parties appear to be at an impasse in resolving their discovery dispute. Plaintiff also claims that he will have to file motions to compel and for leave to amend his complaint. *See, e.g.* ECF No. 23, pp. 3-4. The court need not address these issues as in his Rule 56(e) motion, Plaintiff outlines several areas of fact-finding that are essential before he is able to resist the Defendants' summary judgment motion.

Rule 56(f) of the Federal Rules of Civil Procedure provides:

If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) deny the motion;

(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

ORDER- 3

(3) issue any other just order.

A party seeking a continuance under Rule 56(f) must demonstrate that there are specific facts he hopes to discover if granted a continuance that will raise a genuine issue of material fact. *Harris v. Duty Free Shoppers Ltd. Partnership*, 940 F.2d 1272, 1276 (9th Cir.1991); *Carpenter v. Universal Star Shipping, S.A.*, 924 F.2d 1539, 1547 (9th Cir.1991). "The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists." *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir.1987). *See also Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir.2006); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (party opposing on Rule 56(f) grounds needs to state the specific facts he hopes to elicit from further discovery, that the facts sought exist and that the sought-after facts are essential to resisting the summary judgment motion); *Hancock v. Montgomery Ward Long Term Disability Trust*, 787 F.2d 1302, 1306 n. 1 (9th Cir.1986) (holding that the party opposing summary judgment "has the burden under Rule 56(f) to show what facts he hopes to discover to raise an issue of material fact").[1]

In his Rule 56(f) motion, Plaintiff details several facts that he hopes to discover. For example, he states that he needs to obtain the video surveillance recordings for CBCC's C-Unit for June 17, 2007. Plaintiff alleges that he was in his cell sleeping on that morning when another inmate, Dennis Florer, entered his cell and assaulted him. He claims that he repeatedly pushed the button next to his door. This button acts as an emergency call system when the door has been dead-locked by the booth officer and unlocks the door when the booth officer has placed the cells on "local." ECF No. 29, pp. 1-2. No officer responded and his door did not open. Plaintiff

---

[1] Of course, pro se pleadings are to be construed liberally. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (pro se complaints, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers").

ORDER- 4

kicked his cell door and another inmate in the pod came to the cell door to ask if he wanted out of his cell.  Plaintiff told him yes, it is an emergency.  During this time, Florer continued his assault on Plaintiff, including slamming his head into the window and door of his cell.  The other inmate from the pod waved at the booth officer to alert her, but no officer responded.  *Id.*, p. 2.  Florer's assault on Plaintiff continued for approximately 15 minutes while Florer slammed him against the wall and steel door, punched, kicked and bit him.  *Id.*; ECF No. 1-2, p. 9.  Plaintiff suffered a fractured skull, concussion, lacerations, bruising, abrasions, injuries to his neck, face and shoulder, psychological trauma and mental anguish. ECF No. 1-2, p. 9.   Plaintiff alleges that Defendant Nicholas ignored Plaintiff's cries for help, emergency call light, and distress calls from other inmates.  *Id.*

   In support of their summary judgment motion, Defendants submit the declaration of Faye Nicholas in which she states that she believes that Plaintiff allowed inmate Florer to access his cell by pushing the button located inside his cell after she had placed the cell door on "local." ECF No. 20, pp. 2-3.  Plaintiff disputes this, claiming that if his cell door had been on "local", he would have been able to escape from his cell.  Defendant Annis states that she was at her post in the doorway of the Unit Duty Station during the time of the assault.  ECF No. 21, p. 22.  Plaintiff states that when he was finally allowed out of his cell, Ms. Annis was facing away from the inmate areas on the telephone, eating a sandwich. ECF No. 29, p. 3.  In addition, Plaintiff states that if she were in the doorway as she claimed, this raises the question of why she would have allowed inmate Florer into his pod.  ECF No. 29, p. 4.  Plaintiff claims that the video surveillance recordings for CBCC's C-Unit, including the control booth, duty station, foyer and pod, will enable him to present evidence that Defendants Nicholas and Annis granted inmate Florer access to his pod and cell and refused to render aid in response to Plaintiff's repeated calls

ORDER- 5

for help.  Plaintiff requested the production of the surveillance tapes, along with all documents and photographs pertaining to the June 17, 2007 incident.  ECF No. 29, p. 25.  In their response, Defendants stated: "See Attachment A."  ECF No. 32, p. 41.  However, it is unknown to the court what was produced.

Plaintiff also states that he needs to discover the identity and location of the inmate who alerted Ms. Nicholas to the assault and obtain a declaration or deposition regarding his conduct and observations during the morning of June 17, 2007.  In support of his claim that Defendants placed him at risk of harm, Plaintiff also seeks, *inter alia,* to discover information relating to training, supervision and qualifications of the corrections officers; obtain statements from witnesses to conduct relating to a large money judgment that Plaintiff alleges placed him at risk from inmate Florer; obtain information relating to Defendants' knowledge of inmate Florer's history, custody level, supervision requirements and history of violence; discover the identity of three John Doe Defendants to whom Plaintiff stated that his safety was at risk; to discover what steps Defendants Brunson and Pemberton took after Plaintiff requested to be transferred out of the CBCC; to obtain the grievances and letters Plaintiff filed with CBCC relating to Defendant Pemberton's hostile conduct; and to obtain evidence of similar lawsuits wherein the levels of violence and inadequate security at CBCC placed inmates at risk.  Plaintiff also seeks to discover the nature of CBCC's electronic detention control system as he has obtained evidence that the system was old, in disrepair, and not meant for close custody.  *See* ECF No. 29, p. 42 (letter in 2007 from the Secretary of the DOC declaring a state of emergency to expedite the design, purchase and construction of a new hardware system because the electronic detention control system posed a real and immediate threat to ensure safety and security).

ORDER- 6

Much of the information sought by Plaintiff could potentially support his version of the facts and his theory that his safety was placed at risk by the conduct or inaction of the various defendants.  For example, if the surveillance video is produced and/or if a declaration can be obtained from the inmate who witnessed the assault and attempted to gain the attention of the booth officer, it may be proven that Plaintiff did not voluntarily admit inmate Florer into his cell, thus creating a material issue of fact as to whether Defendants knowingly placed Plaintiff in harm's way.  Information relating to Plaintiff's past grievances, requests for transfer, and inmate Florer's history, may also be crucial in opposing Defendants' summary judgment motion as this type of evidence could support Plaintiff's theory that Defendants knew of a risk to his safety by Dennis Florer but disregarded it.

In an abundance of caution and in light of Plaintiff's pro se status and restrictive confinement, the court will grant Plaintiff additional time to pursue this additional discovery and will extend the discovery deadline until **April 29, 2011.**  The court will strike the noting date of Defendants' motion for summary judgment and Defendants may renew their motion after expiration of the new discovery deadline date by filing and serving a motion that simply incorporates by reference all evidence and arguments submitted in connection with the motion for summary judgment now pending before the court or by filing a completely new motion.  Upon Defendants' renewal of their motion for summary judgment, Plaintiff shall timely file his opposition.  Plaintiff will not be granted any additional time for this purpose absent a compelling showing of good cause.

To facilitate discovery efforts, the court anticipates that the parties will continue to cooperate in good faith to resolve any discovery disputes.  If the parties cannot amicably resolve their issues, Plaintiff may file a motion to compel, and shall include a certification stating that

ORDER- 7

their efforts were unsuccessful, and shall identify those areas of disagreement that remain unresolved.

In light of the continuance granted herein, the court need not address Plaintiff's requests for additional time (ECF Nos. 22 and 27) and they are **DENIED as moot.**

Accordingly, it is **ORDERED:**

(1)  Plaintiff's Motion to Stay (ECF No. 28) is **GRANTED**; the discovery deadline is extended until **April 29, 2011** and the Clerk shall **strike** the noting date of Defendants' motion for summary judgment (ECF No. 18)**.**  Defendants' motion to re-note (ECF No. 33) is **DENIED as moot.**

(2)  At the expiration of the new discovery deadline of April 29, 2011, Defendants may either file an amended motion for summary judgment including a new brief and supporting documents, or simply renew their motion by filing a notice of such renewal incorporating by reference all arguments and evidence submitted in connection with their motion for summary judgment filed on December 23, 2010.

(3)  Plaintiff's Motion for 120-Day Extension (ECF No. 22) and Motion for Enlargement of Time (ECF No. 27) are **DENIED as moot.**

(4)  The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  3rd  day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER- 8