UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEREK E. GRONQUIST,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>FAYE NICHOLAS, HEATHER ANNIS, CC3 PAUL PEMBERTON, STEVE BLAKEMAN, KAREN BRUNSON, HAROLD CLARKE, STATE RAMSEY, RICHARD MORGAN, STEVE TOOHEY, JOHN DOES I, II AND III CLALLAM BAY CORRECTIONS CENTER OFFICERS, DEPARTMENT OF CORRECTIONS, and STATE OF WASHINGTON,<br><br>　　　　　　　　　　Defendants. | No. C10-5374 RBL/KLS<br><br>ORDER DENYING MOTIONS TO COMPEL, FOR EXTENSION AND FOR RULE 11 SANCTIONS |

　　　Plaintiff filed a Motion to Compel Defendants to Produce Plaintiff's Case Files (ECF No. 37), Motion for Extension of Time to Conduct Discovery and Prepare for Trial (ECF No. 38), and Motion to Compel Discovery (ECF No. 39). On April 21, 2011, Plaintiff filed a letter with the Court Clerk advising that Defendants have produced his case files and therefore, his motion to compel those files is moot. On April 27, 2011, Plaintiff filed a reply in support of his motion for extension of time. In the reply, he seeks a two month extension of time and Rule 11 sanctions against Defendants and counsel. ECF No. 49. Having carefully reviewed the motions, opposition, and balance of the record as to Plaintiff's remaining motions, the Court finds that Plaintiff's motions should be denied.

ORDER- 1

**BACKGROUND**

Plaintiff filed his lawsuit in Thurston County Superior Court, alleging that Defendants violated his Eighth Amendment rights by failing to prevent an assault on him by his fellow inmate. ECF No. 1. Defendants removed the case to this court on May 25, 2010. *Id.* On June 4, 2010, Plaintiff filed a motion to remand. ECF No. 9. That motion was denied. ECF No. 13. On August 2, 2010, the court issued a Pretrial Scheduling Order setting the discovery deadline for January 28, 2011. ECF No. 14. Defendants filed their motion for summary judgment on December 23, 2010. ECF No. 18. The summary judgment motion was noted for January 21, 2010. *Id.*

Plaintiff served his First Interrogatories on Defendants in June 2010 and they submitted their answers in July 2010. ECF No. 26, Exh. E. Plaintiff wrote defendants' counsel on three separate occasions complaining that Defendants' answers were unresponsive. *Id.*, Exh. F. In response, counsel for Defendants wrote to Plaintiff on three separate occasions asking him to identify which answers he considered to be unresponsive. *Id.*, Exh. G. Plaintiff failed to identify the offending answers.

Plaintiff served his Second Interrogatories and Requests for Production on the Defendants on November 24, 2010. *Id.*, Exh. H. Defendants answered those discovery requests on January 6, 2011. *Id.*, Exh. I. Plaintiff did not contact Defendants' counsel with regard to Defendants' answers to his second set of discovery. Instead, on January 5, 2011, Plaintiff filed a motion requesting a 120 extension of the discovery deadline. ECF No. 22. Defendants advised that the parties had conferred and Defendants' counsel agreed to provide Plaintiff with supplemental answers to some of the discovery requests. ECF No. 33.

ORDER- 2

In January 2011, Plaintiff requested a 120-day extension of the discovery deadline, an extension to file his response to Defendants' motion for summary judgment, and a motion to stay the summary judgment motion. ECF Nos. 22, 27, and 28. The Court extended the discovery deadline until April 29, 2011 so that Plaintiff could pursue additional discovery (including, *e.g.,* surveillance video, witness declaration, past grievances, request for transfer, inmate Florer's history) and struck the noting date of Defendants' motion for summary judgment. ECF No. 36. Defendants were advised that at the expiration of the new discovery deadline of April 29, 2011, they may either file an amended motion for summary judgment including a new brief and supporting documents, or simply renew their motion by filing a notice of such renewal incorporating by reference all arguments and evidence submitted in connection with their motion for summary judgment filed on December 23, 2010. *Id.*, p. 8. Defendants have now done so, noting their renewed motion for summary judgment for May 27, 2011.

**DISCUSSION**

**A.    Motion to Compel Case Files (ECF No. 37) and Request for 90 day Continuance (ECF No. 38)**

Plaintiff moves the Court for an order compelling Defendants to produce and release his case files. ECF No. 37. In his Motion for Enlargement of Time, Plaintiff states that he requires an extension of time within which to conduct discovery and prepare for trial because Department of Corrections (DOC) employees have refused to ship his case files to him after he was transferred from the Washington State Penitentiary (WSP) to the Monroe Correctional Complex (MCC). ECF No. 39. Plaintiff requests an additional 90 days from the date his files are delivered to him. *Id.*, p. 2. As noted above, Plaintiff states that his case files have been provided to him and, therefore, he seeks to withdraw his motion to compel case files (ECF No. 37) as

ORDER- 3

moot. Plaintiff's motion for a ninety day extension of time to conduct discovery and prepare for trial (ECF No. 38) is without merit. Plaintiff does not explain how his ability to conduct discovery and/or prepare for trial has been hindered in any way between his transfer and the delivery of his additional materials to him.

**B.    Request for Sanctions and Two Month Extension (ECF No. 49)**

In his latest request for an extension of time, Plaintiff claims that whether as the result of "incompetence, indifference, or the intent to obstruct Plaintiff's pending legal actions," DOC withheld his files for two months. He seeks a two month enlargement of time "to compensate him for his lost time" and "to allow him to effectively prosecute his case." ECF No. 49. As with his previous request for additional time, however, Plaintiff offers no explanation of how his ability to engage in discovery or prepare for trial has been hindered. In fact, and as discussed in more detail below, it appears that the parties have engaged in discovery conferences, the Defendants have twice supplemented their responses to Plaintiff's discovery requests, and the parties have cooperated in scheduling 18 depositions, 17 of which were to take place prior to the end of the extended discovery deadline. ECF No. 45, p. 2. Moreover, there is no basis for the award of Rule 11 sanctions.

In response to Plaintiff's motion to compel his case files, Defendants submitted the Declaration of Michael R. Meyer, Property Room Sergeant at the Washington State Penitentiary. ECF No. 44. According to Mr. Meyer, Plaintiff was transferred from WSP to MCC on February 16, 2011. DOC Policy No. 440.020 allows an inmate to ship two boxes of authorized personal property at DOC expense when transferring to a different facility. In addition, DOC will ship, at DOC's expense, legal documents/papers that an inmate designates as needed to meet a court imposed deadline. Other authorized personal property including legal documents/papers not

ORDER- 4

needed to meet a court imposed deadline are shipped at the inmate's expense by common carrier. *Id.*, pp. 1-2 (*citing* DOC Policy 440.020, Transport of Offender Property, sections I(B) and (C), Attachment 1). Plaintiff apparently did not include the documents needed to prosecute this case in the two boxes that accompanied him to the MCC. He also apparently did not designate legal documents/papers necessary to meet a court imposed deadline when he was transferred on February 15, 2011. *See, e.g.,* ECF No. 45, p. 6.

The DOC attempted to ship Plaintiff's personal property in excess of the two-box limit (including three additional boxes, typewriter, radio, fan, television, and one curio container) to Plaintiff at Monroe, but there were not sufficient funds in Plaintiff's offender account to cover the shipping cost of $95.00. ECF No. 44, p. 2. On March 18, 2011, Plaintiff was sent a 90-day notice, which informed him of the need to pay for the cost of shipping his personal property and notified him of the deadline by which the property would be donated or destroyed. ECF No. 44, p. 8. On March 31, 2011, a check for full payment of the shipping cost was received. ECF No. 44, p. 2. Plaintiff's remaining personal property was mailed to Plaintiff on April 5, 2011, and it is believed that Plaintiff received his property on April 8, 2011. ECF No. 41, pp. 2 and 6.

In reply, Plaintiff contends that Mr. Meyer's declaration that "there were not sufficient funds in [Plaintiff's] offender account to cover the shipping cost of $95.00" is a lie. He asks for Rule 11 sanctions and that the Attorney General take Michael Meyer into custody and file perjury charges against him. ECF No. 49, pp. 1-2. Plaintiff states in his declaration that he had a balance of $112.31 in his inmate postage account at WSP before he was transferred and that this amount was transferred to his inmate account at MCC on March 15, 2011. An additional deposit of $98.78 was added to his postage account after February 15, 2011 and transferred to Plaintiff's MCC account on March 7, 2011. On approximately March 1, 2011, Plaintiff's mother, B.

ORDER- 5

Parker, sent a $100 money order to "WSP – Property Derek Gronquist." *Id.*, p. 11.  It appears that the mailing was forwarded to MCC.  *Id.*  A Money Receipt Inmate Fund reflects that the amount of $100.00 was deposited into Plaintiff's postage account at MCC on March 7, 2011.  *Id.*, p. 13.  In his declaration, Plaintiff states that his mother sent the money order to "Property Sergeant Meyer," and that "Mr. Meyer, or a person acting upon his behalf, refused to accept that payment, and sent the money to MCC to be deposited into Plaintiff's inmate account."  *Id.*, p. 2.

On March 5, 2011 Plaintiff filed a grievance complaining that his legal files had not been shipped.  *Id.*, p. 15.  On March 9, 2011, WSP responded:  "Your property was mistakenly left in your old unit (Rainier) property room.  It will be forwarded to the WSP Property Room and shipped in accordance with policy.  Any legal work you had with a court deadline should have accompanied you on the chain bus."  *Id.*  After he discovered that WSP had allegedly refused to accept the $100 payment tendered by his mother, Plaintiff states that he immediately requested that payment be made for shipping from his inmate account.  Shipment did not occur for almost two weeks and Plaintiff received his files on April 12, 2011.  *Id.*, p. 4.

In response to Plaintiff's allegation that he perjured himself, Michael Meyer denies the allegations and submits a timeline regarding transfer of Plaintiff's property from WSP to MCC.  ECF No. 51, p. 4.  The timeline reflects that after his transfer to MCC on February 16, 2011, Plaintiff received two boxes of materials on February 28, 2011.  On March 3, 2011, WSP closed Plaintiff's inmate account and transferred his money to MCC.  On March 10, 2011, Plaintiff's property was received in the property warehouse.  On March 15, 2011, two personal boxes were placed on the chain bus to MCC pursuant to DOC 440.020.  On March 18, 2011, Plaintiff was sent a 90 day notice to provide funds for shipping.  On March 31, 2011, a check for $93.00 was

ORDER- 6

received from Plaintiff's account. On April 5, 2011, the remainder of Plaintiff's property was shipped to MCC via UPS. *Id.*

Mr. Meyer explains, under DOC Policy Nos. 440.020 and 440.000, Plaintiff is required to arrange payment in advance of his transfer from one institution to another. He did not do so. On March 3, 2011, his account at WSP was closed and his money transferred to MCC. Thus, when Mr. Meyer received Plaintiff's excess property on March 10, 2011, there were no funds in his account at WSP to pay for their shipment. ECF No. 51, p. 2.

Mr. Meyers further states that he is not aware of any refusal to accept payment from Plaintiff's mother. Plaintiff was sent a 90-day notice on March 18, 2011 and on March 31, 2011, Mr. Meyer received the $93.00 check from Plaintiff's account at MCC. *Id.*

Rule 11 authorizes sanctions for the filing of papers that are frivolous, intended to harass, or lacking in factual or legal support. *Warran v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). The express goal of the rule is to deter frivolous litigation. *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2202). To that end, Rule 11 provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

ORDER- 7

>    (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c)    Sanctions.
>
>    (1)    In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
>    (2)    Motion for Sanctions.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed.R.Civ.P. 11(b) & (c)(1) &(2).

Rule 11 is an extraordinary remedy, one to be exercised with extreme caution. *Operating Eng'rs. Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Plaintiff argues that "appropriate action" should be taken against Defendants, their counsel, and Michael Meyer for making knowingly false statements to this Court in an effort to defeat his request for an enlargement of time.  Aside from the procedural defects of Plaintiff's request, the evidence before the Court does not demonstrate that Defendants, their counsel, or Mr. Meyers made knowingly false statements to the Court or that they intentionally delayed the shipment of Plaintiff's files.  Accordingly, Plaintiff's request for sanctions is **DENIED.**

ORDER- 8

**B.     Motion to Compel (ECF No. 39)**

In his second motion to compel, Plaintiff states that he tendered two sets of interrogatories and requests for production to Defendants, but Defendants' counsel objected to every request and refused to provide answers. After the parties conferred, Defendants' counsel stated that he would supplement several responses, but Plaintiff states that he received only one "inadequate response to one interrogatory." ECF No. 39, pp. 1-2. Plaintiff maintains that Defendants "have refused to answer, or answer honestly and completely, every interrogatory, and has refused to disclose records responsive to almost every request for production tendered." *Id.*, p. 2. Plaintiff further states that he is unable to attach copies of the disputed discovery requests and cannot advise the Court as to why he requires answers to them because "Defendants have been withholding [his] legal files for over six-weeks." *Id.* Therefore, he asks the Court to conduct a "de novo review" and to enter an order compelling "full and complete answers." *Id.*

In response, Defendants provide copies of their Second Supplemental Answers to Plaintiff's First Interrogatories and Defendants' Second Supplemental Answers to Plaintiff's Interrogatories and Requests for Production. ECF No. 47, Exhs. B and C. According to Defendants' counsel, Defendants' answers to Plaintiff's Third Set of Interrogatories and Requests for Production are not due until April 25, 2011 and will be provided to Plaintiff prior to that date, which is before the discovery cutoff of April 29, 2011. ECF No. 47, p. 2. In addition, the parties have cooperated in scheduling the depositions of eighteen witnesses, all of whom (except for one) will be deposed prior to the discovery cutoff. The final witness, Harold Clarke, will be deposed on May 2, 2011. ECF No. 47, pp. 2-3. Copies of Defendants' responses to Plaintiff's motions, including declarations and exhibits, were provided to Plaintiff on April 15, 2011. *See, e.g.,* ECF No. 47, p. 4.

ORDER- 9

A review of the record reflects that Defendants have provided or will provide supplemental responses to Plaintiff's discovery requests and have cooperated in scheduling the depositions of eighteen witnesses, all prior to the extended discovery deadline of April 29, 2011. The record also reflects that Plaintiff received the remainder of his personal property on April 8, 2011 and that he received Defendants' responses to his motions (including declarations and copies of the disputed discovery answers) sometime after April 15, 2011.  However, the Court remains in the dark as to the nature of the disputed discovery.  In his letter to the Clerk, Plaintiff indicates that pending matters in other cases and depositions scheduled in this case may prevent him from filing a memorandum in support of his motion to compel for some time. ECF No. 48, p. 1.  Plaintiff's motion was filed and noted for this Court's consideration on April 22, 2011 and according to Plaintiff, he received his additional legal materials on April 12, 2011.   The discovery deadline expired on April 29, 2011.  On the basis of the record before it, the Court shall deny the motion.  Plaintiff's broad contention that Defendants have refused to answer completely every interrogatory and have refused to disclose records responsive to almost every request is without support and cannot serve as the basis for a motion to dismiss.

Accordingly, it is **ORDERED** that Plaintiff's motion to compel and for sanctions (ECF Nos. 37, 38, 39 and 49) are **DENIED.**  The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  9th  day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER- 10